# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **BRENDA GRIFFIN,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 7:08-cv-54(HL) |
| : | |
| **ARCHBOLD MEDICAL CENTER, INC.,** : | |
| : | |
| Defendant/Third-Party Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **KELVIN REDDICK,** : | |
| : | |
| Third-Party Defendant. : | |

## ORDER

Currently before the Court is Third-Party Defendant Kelvin Reddick's ("Reddick") Motion to Dismiss Third Party Complaint (Doc. 11). After consideration of Reddick's motion, Third-Party Plaintiff Archbold Medical Center, Inc.'s ("Archbold") response, and the applicable case law, Reddick's motion is denied.

Federal Rule of Civil Procedure 14(a)(1) allows a defendant, as third-party plaintiff, to serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it. The basis for Plaintiff Brenda Griffin's lawsuit is that she was sexually harassed by Reddick, an Archbold employee. One count in her complaint is a state law claim for negligent and wrongful hiring,

retention, and supervision, in which she claims that because of Archbold's negligence, a battery was committed against her. Griffin asserts that Archbold is liable to her for "all the damages sustained as a result" of this negligence, which are not specifically defined in the complaint. (Doc. 1). Archbold subsequently filed a third-party complaint against Reddick (Doc. 8), stating that to the extent it is liable for this negligence, it is entitled to contribution and/or indemnification from Reddick for the damage caused by the battery because Reddick is the alleged batterer referenced in Griffin's complaint.

Reddick has moved the Court to dismiss the third-party complaint on three grounds: (1) because the complaint fails to state a negligence claim; (2) because Archbold does not allege it has sustained an actual legal liability as needed for indemnification; and (3) because Reddick cannot be held jointly and severally liable for negligent hiring, supervision, and retention as needed for contribution.

**1.  Contribution**

Archbold has abandoned its claim for contribution, without prejudice. (Doc. 13). Therefore, that portion of Reddick's motion is moot, and is denied.

**2.  Indemnification**

In support of his argument that Archbold cannot state a claim for indemnity because it has not sustained an actual legal liability to Griffin, Reddick relies on Southern Nitrogen Co. v. Stevens Shipping Co., 114 Ga.App. 581, 151 S.E.2d 916 (1966). This case, however, has been superceded by O.C.G.A. § 51-12-32.

Subsection (c) of the statute provides that the right of indemnity, either express or implied, continues unabated regardless of whether or not a party has had judgment entered against it. O.C.G.A. § 51-12-32(c). Thus, a judgment does not have to be entered against Archbold before it can seek indemnity from Reddick.

The Court also notes that after the motion to dismiss was briefed by the parties, Archbold served Griffin with an offer of judgment pursuant to Federal Rule of Civil Procedure 68, under which Archbold offered to allow judgment to be taken against it in the amount of $30,000, inclusive of all elements of damages, including compensatory and punitive danages, and expenses of litigation, including attorney's fees and costs accrued through the date of service of the offer. (Doc. 23). Archbold did not admit any liability. Griffin accepted the offer of judgment on May 5, 2009. (Doc. 21). The fact that Archbold has willingly allowed Griffin to take a judgment against it does not change the Court's decision, as "the right of indemnification is not lost or prejudiced by settlement or compromise of a claim." Randall v. Norton, 192 Ga.App. 734, 737, 386 S.E.2d 518 (1989); O.C.G.A. 51-12-32(c).

As O.C.G.A. § 51-12-32 allows indemnity even if a claim has been settled and does not require the entry of a judgment against the indemnitee, Reddick's motion to dismiss Archbold's indemnity claim is denied.

### 3. Failure to state a claim for negligence

Finally, Reddick argues that the third-party complaint should be dismissed because a negligence claim requires that a plaintiff allege a physical injury and

Griffin did not allege a physical injury in her complaint. The cases cited by Reddick, Lee v. State Farm Mutual Insurance Co., 272 Ga. 583, 533 S.E.2d 82 (2000), and McDaniel v. Fulton County School District, 233 F.Supp.2d 1364 (N.D.Ga. 2002), both state that a party claiming negligent infliction of emotional distress must show a physical impact resulting in physical injury. This is known as the "impact rule."

The problem with the position taken by Reddick is that Griffin's claim is not for negligent infliction of emotional distress. Instead, Griffin claims that she was subjected to a battery at the hands of Reddick because of Archbold's negligent and wrongful hiring, supervision, and retention. Archbold is seeking indemnity from Reddick for the damage caused by the alleged battery. Thus, the impact rule is not applicable here. A plaintiff need not show an actual physical injury to support a claim of battery, which is an intentional tort. Vasquez v. Smith, 259 Ga.App. 79, 82, 576 S.E.2d 59 (2003). Reddick's motion to dismiss on the basis that Griffin's complaint does not allege a physical injury is denied.

**SO ORDERED**, this the 1st day of June, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh